```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
JANELISSA CRUZ,               )
                              )
          Plaintiff,          )
                              )
v.                            )
                              )   Civil Action
OMATEX CORP., INTEPLAST GROUP,)   No. 22-cv-12070-PBS
LTD., INTEPLAST ENGINEERED FILMS )
INC., INTEPLAST ENGINEERED FILMS )
WESTBOROUGH INC., JAGENBERG GROUP,)
LEMO MASCHINENBAU GMBH, and JOHN )
DOE DEFENDANTS 3-5,           )
                              )
          Defendants.         )
_____)
                              )
OMATEX CORPORATION and INTEPLAST )
GROUP CORPORATION,            )
                              )
          Third-Party Plaintiffs, )
                              )
v.                            )
                              )
HW TEMPS LLC, d/b/a HW STAFFING )
SOLUTIONS,                    )
                              )
          Third-Party Defendant. )
_____)
```

**MEMORANDUM AND ORDER**

May 20, 2025

Saris, D.J.

**INTRODUCTION**

Plaintiff Janelissa Cruz was injured while working as a packer at Defendant Inteplast Group Corporation's ("Inteplast's") plastic manufacturing facility located in North Dighton, Massachusetts.

1

Cruz was staffed at this facility by Third-Party Defendant HW Temps LLC ("HW Temps"), a staffing agency. After her injury, Cruz received compensation through HW Temps' workers' compensation insurance policy. Cruz initiated this lawsuit against Inteplast to seek additional damages for her injury. Inteplast has moved for summary judgment on the ground that it is immune from suit under the Massachusetts Workers' Compensation Act. HW Temps joins in this motion.

After a hearing, the Court **ALLOWS** Inteplast and HW Temps' joint summary judgment motion with regard to Cruz's claims (Dkt. 103). By agreement, the Court **DISMISSES** Inteplast's third-party complaint against HW Temps (Dkt. 36) with prejudice. HW Temps' motion for summary judgment on Inteplast's third-party claims (Dkt. 108) is **DENIED** as moot.[1]

### BACKGROUND

I.  **Factual Background**

Inteplast is a manufacturing company primarily engaged in the production of plastic bags. HW Temps is a staffing firm that supplied temporary workers to Inteplast. In November 2019, HW Temps hired Cruz and assigned her to work at Inteplast's North Dighton

---

[1] The foreign defendants were never properly served. Neither party has addressed how the motion for summary judgment affects the liability of the remaining defendants. Therefore, any claims against the remaining domestic defendants, Omatex Corporation, Inteplast Engineered Films Inc., and Inteplast Engineered Films Westborough Inc., are waived.

2

facility. She worked as a packer, responsible for boxing plastic bags produced by machines.

On December 14, 2019, Cruz's ponytail got caught in and wrapped around a component of a manufacturing machine, ripping off her hair and scalp. Following her injury, Cruz applied for and received benefits under HW Temps' workers' compensation insurance policy.

**II.    Agreements Between Inteplast and HW Temps**

There are two agreements relevant to this dispute. The first is the General Staffing Agreement ("GSA") between HW Temps and Inteplast. Under the GSA, HW Temps agreed to "[r]ecruit, screen, interview, hire, and assign employees to" work "under [Inteplast]'s supervision, direction and control at the locations specified on Exhibit A." Dkt. 105-4 ¶ 1.1(a). Exhibit A lists only one location: 5 Otis Street, Westborough, MA 01581. Furthermore, HW Temps agreed to "[a]dd Alternate Employer Endorsement in favor of [Inteplast] to [HW Temps]'s workers' compensation and employees' liability insurance policy." Id. ¶ 1.1(d). This section does not limit the endorsement to the Westborough location. There is no separate agreement for the North Dighton facility.

The second agreement at issue is HW Temps' workers' compensation insurance policy issued by Pennsylvania Manufacturers' Association Insurance ("PMA Policy"). The PMA Policy includes an Alternate Employer Endorsement, which provides

3

coverage to an alternate employer "WHERE REQUIRED BY WRITTEN CONTRACT OR AGREEMENT." Dkt. 105-6 at 96. The endorsement also states that "[i]f an entry is shown in Item 3 of the Schedule[,] the insurance afforded by this endorsement applies only to work you perform . . . at the project named in the Schedule." Id. Item 3 of the Schedule is left blank.

The PMA Policy's Information Page notes that "[t]his Policy includes these Endorsement and Schedules: See Schedule of Forms and Endorsements." Dkt. 105-6 at 13. In the corresponding Extension of Information Page for the Workers' Compensation Classification Schedule, the PMA Policy specifically lists Inteplast's North Dighton facility (where Cruz worked) with an effective date of January 1, 2019. The schedule does not list Inteplast's Westborough facility.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one which 'a reasonable jury could resolve . . . in the favor of the non-moving party,' and a material issue is one with the 'potential to affect the outcome . . . under the applicable law.'" Kinzer v. Whole Foods Mkt., Inc., 99 F.4th 105, 108 (1st Cir. 2024) (alterations in original) (quoting Cherkaoui v. City of Quincy, 877 F.3d 14, 23-24 (1st Cir. 2017)).

4

In determining whether to grant summary judgment, a court must construe "the facts in the light most favorable to the non-moving party" and "draw[] all reasonable inferences" in her favor. Id. (quoting Harley-Davidson Credit Corp. v. Galvin, 807 F.3d 407, 408 (1st Cir. 2015)).

## DISCUSSION

### I. Interpretation of the GSA and the PMA Policy

The parties dispute whether Inteplast is immune from suit under the Massachusetts Workers' Compensation Act ("Act"). Under the Act, if an employee "accepts payment of [workers'] compensation on account of personal injury . . . [,] such action shall constitute a release to the insured of all claims or demands at common law . . . arising from the injury." Mass. Gen. Laws ch. 152, § 23. Massachusetts courts apply a two-prong test to determine if an employer is immune: (1) the employer must be insured for workers' compensation liability, and (2) the employer must be the employee's "direct" employer. Wentworth v. Henry C. Becker Custom Bldg. Ltd., 947 N.E.2d 571, 573 (Mass. 2011) (quoting Lang v. Edward J. Lamothe Co., 479 N.E.2d 208, 209 (Mass. App. Ct. 1985)). Courts have held that a company using a staffing agency satisfies prong one if it is named as an additional insured through an alternate employer endorsement in the agency's workers' compensation policy. See Molina v. State Garden, Inc., 37 N.E.3d 39, 40 (Mass. App. Ct. 2015).

5

All parties agree that HW Temps was Cruz's general employer and Inteplast was her direct employer. The central issue is whether HW Temps' PMA Policy extended workers' compensation coverage to Inteplast at the North Dighton facility, thereby granting Inteplast immunity under the Act. Cruz argues that Inteplast is not entitled to immunity because the GSA between HW Temps and Inteplast only references Inteplast's Westborough facility. Specifically, section 1.1(a) of the GSA limits HW Temps' staffing obligations to the site listed in Exhibit A, which is the Westborough facility, and there is no separate agreement covering North Dighton. In Cruz's view, the fact that HW Temps' staffing obligations under the GSA are limited to the Westborough facility means that HW Temps' obligation in section 1.1(d) of the GSA to add an Alternate Employer Endorsement for Inteplast does not apply to the North Dighton facility. And because HW Temps had no such obligation with regard to the North Dighton facility, the PMA Policy's Alternate Employer Endorsement, which applies only "WHERE REQUIRED BY WRITTEN CONTRACT OR AGREEMENT," was not triggered. Dkt. 105-6 at 96.

Inteplast and HW Temps (together, "Defendants") argue that Inteplast qualifies as an alternate employer under the PMA Policy for both facilities. They note that in section 1.1(d) of the GSA, HW Temps agreed to add an Alternate Employer Endorsement for Inteplast without geographic restriction. In addition, they point

6

to the PMA Policy's Information Page, which includes a schedule explicitly listing Inteplast's North Dighton facility with a start date of January 1, 2019 -- while making no mention of the Westborough site. And while the PMA Policy's Alternate Employer Endorsement may be limited to a specific worksite if one is listed in Item 3 of the endorsement, Defendants point out that Item 3 is left blank, indicating that the policy coverage is not limited by the Westborough location listed in section 1.1(a) of the GSA.

After reviewing both the GSA and the PMA Policy, the Court finds Defendants' interpretation more persuasive. While the GSA's staffing terms were location-specific, HW Temps' commitment to designate Inteplast as an alternate employer was not. And the PMA Policy's endorsement language, together with its omission of location limits and the specific listing of North Dighton in the schedule, supports the conclusion that Inteplast was covered under the PMA Policy at the North Dighton facility. Inteplast, therefore, satisfies the two-part test for employer immunity under the Act.

## II.  Judicial Estoppel

Cruz contends that even if Defendants persuasively argue that the GSA's provision requiring HW Temps to add Inteplast as an alternate employer applies to the North Dighton location, HW Temps should be estopped from advancing this argument because it contradicts an earlier position HW Temps took in the litigation. "The Supreme Court has explained that 'judicial estoppel is an

7

equitable doctrine invoked by a court at its discretion.'" <u>Bos. Redevelopment Auth. v. Nat'l Park Serv.</u>, 125 F. Supp. 3d 325, 335 (D. Mass. 2015) (quoting <u>New Hampshire v. Maine</u>, 532 U.S. 742, 750 (2001)), <u>aff'd</u>, 838 F.3d 42 (1st Cir. 2016). "The judge-made doctrine 'prevents a litigant from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" <u>Id.</u> (quoting <u>Thore v. Howe</u>, 466 F.3d 173, 181 (1st Cir. 2006)).

Judicial estoppel generally requires satisfaction of at least two elements. First, a party must take positions that are "directly inconsistent, that is, mutually exclusive." <u>Alt. Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 33 (1st Cir. 2004). "Second, the responsible party must have succeeded in persuading a court to accept its prior position." <u>Id.</u> Courts often assess a third, discretionary consideration as well -- namely, "whether judicial acceptance of a party's initial position conferred a benefit on that party." <u>Id.</u>; <u>see</u> <u>InterGen N.V. v. Grina</u>, 344 F.3d 134, 144-45 (1st Cir. 2003) (declining to apply judicial estoppel where no advantage was gained from the earlier position).

Cruz argues that in HW Temps' memorandum in support of their motion to dismiss, HW Temps stated that the GSA applied only to the Westborough location and "d[id] not apply to the location where [Cruz] was injured.'" Dkt. 59 at 2. Similarly, at the motion to dismiss hearing, counsel for HW Temps declared that the GSA was

8

inapplicable to this case and that there was "no written contract between [HW Temps and Inteplast] for North Dighton." Dkt. 111 at 6.

While it is irresponsible that HW Temps initially took the opposite position, the record does not support judicial estoppel here because HW Temps did not successfully persuade the Court that the GSA did not apply to the North Dighton facility.

## ORDER

For the foregoing reasons, the Court **ALLOWS** Inteplast and HW Temps' joint motion for summary judgment (Dkt. 103). By agreement, Inteplast's third-party complaint against HW Temps (Dkt. 36) is **DIMISSED** with prejudice. HW Temps' motion for summary judgment on Inteplast's third-party claims (Dkt. 108) is **DENIED** as moot.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge